Ronald M. Horwitz (005655)
Janessa E. Koenig (018618)
**JABURG & WILK, P.C.**
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
rmh@jaburgwilk.com
jek@jaburgwilk.com
(602) 248-1000

Attorneys for Wells Fargo Bank, N.A.

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 |
| THOMAS RODRIQUEZ, JR. and MARLO ELISA RODRIQUEZ, | Case No. 4:12-bk-06689-EWH |
| Debtors. | **ORDER REGARDING AVOIDANCE OF JUNIOR LIEN HELD BY WELLS FARGO BANK, N.A.** |
| THOMAS RODRIQUEZ, JR. and MARLO ELISA RODRIQUEZ, | |
| Plaintiffs / Debtors. | Property: 6071 W. Echo Crossing Road Tucson, Arizona 85735 |
| vs | |
| WELLS FARGO BANK, N.A., its successors and assigns, | |
| Defendant. | |

Pursuant to the Stipulation Regarding Avoidance of Junior Lien Held by Wells Fargo Bank, N.A. entered into by and between Thomas Rodriquez, Jr. & Marlo Elisa Rodriquez (hereinafter referred to as "Debtors"), and Wells Fargo Bank, N.A. (hereinafter referred to as "Wells Fargo"), and good cause appearing therefore,

IT IS HEREBY ORDERED AS FOLLOWS:

1. Debtors Thomas R. Rodriquez, Jr. and Marlo E. Rodriquez are the makers of a SmartFit Home Equity Account Agreement and Disclosure Statement dated July 28, 2006, under which the Debtors received a line of credit from Wells Fargo in the principal amount of $135,800.00 ("the Note"), which is secured by a second position Deed of Trust ("Second Deed of Trust") in favor of Wells Fargo dated July 28, 2006, and recorded on August 21, 2006 with the Pima County Recorder's Office at Sequence No. 2006-1610369, Docket No. 12872, Page 1939, encumbering the real property located at 6071 W. Echo Crossing Road, Tucson, Arizona 85735 (the "Subject Property"). The Subject Property is legally described as follows:

> Lot 51, of TUCSON MOUNTAIN SANCTUARY, according to the Plat of record in the Office of the County Recorder of Pima County, Arizona, recorded in Book 54 of Maps, Page 72.

The Note and Second Deed of Trust are collectively referred to hereinafter as the "Subject Loan."

2. Wells Fargo's claim secured by the Second Deed of Trust shall be treated, classified and allowed as a non-priority general unsecured claim in the Debtors' Chapter 13 Plan, SUBJECT TO THE FOLLOWING CONDITIONS:

    A. The avoidance of Wells Fargo's Second Deed of Trust is contingent upon the confirmation of the Debtors' Chapter 13 plan;

    B. The avoidance of Wells Fargo's Second Deed of Trust is contingent upon the Debtors' full performance and completion of their Chapter 13 plan; and

    C. The avoidance of Wells Fargo's Second Deed of Trust is contingent upon the Debtors' receipt of a Chapter 13 discharge.

3. Upon receipt of the Debtors' Chapter 13 discharge and completion of their Chapter 13 Plan, Wells Fargo shall, after receipt of notice of said discharge, promptly record a reconveyance of its Second Deed of Trust against the Subject Property with the Pima County Recorder's Office;

4. Wells Fargo shall retain its lien for the full amount due under the Subject Loan and Second Deed of Trust, and Wells Fargo's lien shall not be avoided, and Wells Fargo's claim shall be treated as a secured claim, in the event of (a) the Debtors' surrender of the Property; (b) the

2
9999-9999/JEK/JEK/1001401_v1
Case 4:12-bk-06689-EWH    Doc 29    Filed 07/27/12    Entered 07/27/12 11:35:39    Desc
Main Document - Stipulation    Page 2 of 3

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

dismissal of the Debtors' Chapter 13 case; or (c) the conversion of the Debtors' Chapter 13 case to any other Chapter under the United States Bankruptcy Code;

5. In the event that the holder of the first lien on the Subject Property forecloses on its security interest and extinguishes Wells Fargo's Second Deed of Trust prior to the Debtors' completion of their Chapter 13 Plan and receipt of a Chapter 13 discharge, Wells Fargo's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the Subject Loan balance at the time of the sale;

6. Each party shall bear their own attorneys' fees and costs incurred in the present adversary case number 4:12-ap-1239 and bankruptcy case number 4:12-bk-06689-EWH; and

7. The terms of this Order shall be incorporated by reference in an Order confirming the Debtors' Chapter 13 Plan.

DATED this _____ day of _____, 2012.

_____
Honorable Eileen W. Hollowell

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000